UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND WRIGHT,

               Plaintiff,

v.

GEORGE V. KROM, JR., Dutchess County Jail Corr. Division Administrator, GREGORY GAYLE, Dutchess County Jail Corr. Lt and CARLA HOLMAN, Dutchess County Jail Corr. Sgt.,

               Defendants.

10 Civ. 3934 (RO)

## ORDER

OWEN, District Judge:

*Pro se* Plaintiff brought this action under 42 U.S.C. § 1983 alleging that he was discriminated against during his time as an inmate at the Dutchess County Jail, where he was incarcerated.

## BACKGROUND

Plaintiff originally filed his complaint on May 10, 2010. (Docket Entry No. 2.) Defendants thereafter filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which Judge Yanthis construed as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 15.)

1

On April 21, 2011, Magistrate Judge Yanthis filed a Report and Recommendation (the "Report") in which he recommended that Defendants' motion be granted and Plaintiff's claims be dismissed. (Docket Entry No. 26.).

On May 2, 2011, Plaintiff filed objections to the Report. (Docket Entry No. 29.) This case was transferred to this Court on May 18, 2011.

**STANDARD OF REVIEW**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a *de novo* review of those matters to which a party filed an objection. *Id.* § 636(b)(1)(B), (C). *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1). A district court judge,

2

in making a *de novo* determination, is afforded discretion in the weight placed on proposed findings and recommendations. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

Rule 12(b)(6)

A Court is to accept the allegations in the complaint as true and is to draw all reasonable inferences in the favor of the plaintiff. *See McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007). An evaluating court is not to "weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir. 1985). A complaint should not be dismissed if it states "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plaintiff must plead factual content allowing the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). In doing so, the court must assume that well-pleaded

3

factual allegations are true, and then determine whether those statements plausibly give rise to an entitlement to relief." *Id.* at 1950.

*Pro se* complaints must be liberally construed to raise the strongest arguments that they suggest, See *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995), and should not be dismissed unless it appears that Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not support a cause of action. *Id.* As such, the Court is "obligated to draw the most favorable inferences" that can be supported by the complaint, but the Court shall not "invent factual allegations that" the Plaintiff has not pled. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

The facts and procedural history provided in the Report are incorporated by reference. This Court has reviewed the record, the Report, and objections to the Report. After doing so, this Court concludes that the Report is adequately supported in law and by the record in all respects. Furthermore, Plaintiff's objections to the Report fail to provide a basis compelling this Court to depart from the Report.

Plaintiff asserts that he was convicted in 1985 for a sexual offense and served a sentence expiring in January, 2003. Plaintiff alleges that during his incarceration for an offense unrelated to the sexual offense, his housing and program assignments were restricted on the basis of this prior offense. Plaintiff alleges that such assignments were improper and were motivated by Defendants' disdain for Plaintiff's sexual offenses, amounting to continued punishment for the

sexual offenses, the conviction for which had expired. The Report construed Plaintiff's complaint as asserting violations of the Eighth Amendment and the Fourteenth Amendment.

Eighth Amendment Claim

The Report finds that the facts provided by Plaintiff regarding the restrictions placed on him are insufficient to raise a claim for an Eighth Amendment violation. This Court agrees. A Plaintiff raising a claim under the Eighth Amendment's prohibition against cruel and unusual punishment must allege facts demonstrating that the conditions experienced constituted a denial of the "minimal civilized measure of life's necessities," that prison official acted with deliberate indifference towards Plaintiff, *see Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991), and that such action was "objectively, sufficiently serious." *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Plaintiff has not made such factual allegations. Plaintiff's allegations that he was assigned to a particular housing unit and facility based on his classification as a sex offender, even if true, do not raise an Eighth Amendment violation absent a showing of the deprivation of essential individual liberties. Further, Plaintiff has failed to allege facts that if true would demonstrate that the Defendants' conduct was serious enough to deny plaintiff the minimal necessities of life in violation of the Eighth Amendment.

Due Process

The Report finds that Plaintiff's due process claim should be dismissed. This Court agrees. An inmate alleging deprivation of a protected liberty interest giving rise to a due process violation must establish that a restraint or confinement created an "atypical and significant

5

hardship" on the inmate relative to the ordinary course of prison life, and that a protected liberty interest in remaining free from the restraint or confinement at issue is granted by a state statute or regulation. *See Wilkinson v. Austin*, 545 U.S. 209, 483-84 (2005).

Plaintiff's allegations that Defendants improperly made program assignments based on his sexual offender status fail to raise a due process claim because prison work assignments or programs are not a protected liberty interest enjoyed by prison inmates. *See Williams v. Bailey*, No. 09-CV-0643, 2010 WL 3881024 at *4 (N.D.N.Y. Sept. 3, 2010).

Plaintiff's claims that he was discriminated against with regard to his housing assignment fails because Plaintiff does not allege that he was subjected to a more restrictive living environment than the unit in which he made a request to live, or provide any difference between the living conditions he would experience in the different units. As such, Plaintiff fails to allege any atypical and significant hardship he experienced as a result.

Furthermore, Plaintiff's citation to various New York State statutes and regulations in support of his claim is without merit. While the regulations forbid discrimination in various determinations and assessments and set forth criteria to be considered in making such assessments, the regulations plainly permit consideration of an inmate's past offenses. The regulations also allow prison officials to consider offenses that are sexual in nature, regardless of whether or not the inmate is currently listed on the State's sex offender registry. As such, Plaintiff fails to establish a violation of state law. For the reasons above, Plaintiff's due process claims should be dismissed, and this Court agrees with the Report's finding as such.

Equal Protection

The Report recommends that Plaintiff's equal protection claim be dismissed, and this Court agrees. In order to show a violation of the Equal Protection Clause, a Plaintiff must show that it was intentionally treated differently from others who are similarly situated as a result of discrimination directed at a suspect class. *Selah v. N.Y.S. DOCS Comm'r*, No. 04 Civ. 3273, 2006 WL 2051402, at *6 (S.D.N.Y. July 25, 2006). Because neither sex offenders, *see Travis v. New York State Div. of Parole*, No. 96-CV-0759, 1998 WL 34002605, at *4 (N.D.N.Y. Aug. 26, 1998), nor prisoners (either in the aggregate or specified by offense), *Lee v. Governor of N.Y.*, 87 F.3d 55, 60 (2d Cir. 1996) are a suspect class, Plaintiff must allege facts demonstrating that the actions taken by Defendants were "not reasonably related to [any] legitimate penological interests." *See Selah*, 2006 WL 2051402, at *6.

Plaintiff is unable to make such an allegation. Plaintiff has not provided facts alleging that the purported discrimination was not rationally related to Defendants' legitimate interests in maintaining the safety and welfare of the staff and inmate community. Thus, Plaintiff's equal protection claim is dismissed.

State Law Claims

The Report recommends declining to exercise supplemental jurisdiction over any of Plaintiff's claims that may be construed as arising under New York State Law. This Court agrees.

As stated above, this Court has reviewed Petitioner's objections in light of the record and Judge Yanthis' recommendations and conclusions of law, and finds that the Report is thorough

and adequately supported in law and by the record in all respects. Petitioner's objections, filed May 11, 2011, generally restate Plaintiff's original arguments, and do not address Judge Yanthis' Report and Recommendation with any specificity. As such, keeping in mind this Court's obligation to construe *pro se* filings liberally, in the light that they raise the strongest possible arguments they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted), Plaintiff's objections to the Report fail to provide a basis compelling this Court to depart from the Report.

## CONCLUSION

For the reasons above, this Court adopts the April 21, 2011, Report and Recommendation of Magistrate Judge George Yanthis, in its entirety. Accordingly, Defendants' motion to dismiss is granted, and Plaintiff's claims are dismissed in full.

SO ORDERED.

September 24, 2011

RICHARD OWEN
UNITED STATES DISTRICT JUDGE